UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACOBI WILSON, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| AARGON AGENCY, INC. and JOHN DOES 1-25, | |
| Defendant(s). | |

**PRELIMINARY STATEMENT**

1. Plaintiff on behalf of himself and all others similarly situated ("Plaintiff"), by and through his attorneys, alleges that the Defendant, AARGON AGENCY, INC. ("AARGON") and JOHN DOES 1-25 their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

5. Plaintiff is a natural person, resides in New York City, New York and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

6. AARGON maintains a location at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

7. AARGON uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

8. AARGON is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

9. John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

10. Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of himself and all New York consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from the Defendant, in violation of the FDCPA, as described in this Complaint.

11. This Action is properly maintained as a class action. The Class is initially defined as:

> All New York consumers who were sent letters and/or notices from AARGON (*See* **Exhibit A**), which included the alleged conduct and practices described herein.
>
> The class definition may be subsequently modified or refined. The Class period begins one year prior to the filing of this Action.

12. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   a. <u>Numerosity:</u> The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendant(s) that violate specific provisions of the FDCPA. Plaintiff is complaining about a standard form letter and/or notice that was sent to at least fifty (50) persons (*See* **Exhibit A**). The undersigned has, in accordance with FRCP Rule 5.2, redacted the financial account numbers and/or personal identifiers in said letter.

   b. <u>Commonality:</u> There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   i. Whether the Defendants violated various provisions of the FDCPA;

   ii. Whether Plaintiff and the Class have been injured by the Defendants' conduct;

   iii. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   iv. Whether Plaintiff and the Class are entitled to declaratory relief.

  c. <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

  d. <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

13. A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

14. A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

15. Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

17. At some time prior to June 6, 2019, Plaintiff allegedly incurred a financial obligation to HENDERSON HOSPITAL ("HOSPITAL").

18. Plaintiff allegedly incurred the HOSPITAL obligation in connection with medical services provided.

19. The HOSPITAL obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20. Plaintiff incurred the HOSPITAL obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21. The HOSPITAL obligation did not arise out of a transaction that was for non-personal use.

22. The HOSPITAL obligation did not arise out of a transaction that was for business use.

23. The HOSPITAL obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24. HOSPITAL and/or its predecessor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25. On or before June 6, 2019, the HOSPITAL obligation was referred to AARGON for the purpose of collection.

26. At the time the HOSPITAL obligation was referred to AARGON the HOSPITAL obligation was past due.

27. At the time the HOSPITAL obligation was referred to AARGON the HOSPITAL obligation was in default pursuant to the terms of the agreement creating the obligation and/or by operation of law.

28. Defendants caused to be delivered to Plaintiff a letter dated June 6, 2019, which was addressed to Plaintiff. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

29. The June 6, 2019 letter was sent to Plaintiff in connection with the collection of the HOSPITAL obligation.

30. The June 6, 2019 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

31. The June 6, 2019 letter was the initial written communication that Plaintiff received from Defendant. No other written communication was received by Plaintiff from Defendant within five days of the June 6, 2019 letter.

32. Upon receipt, Plaintiff read the June 6, 2019 letter.

33. The June 6, 2019 letter stated in part:

DELINQUENT ACCOUNT

| | |
|---|---|
| Aargon Account Number: | 4559-009126 |
| Original Creditor: | Henderson Hospital |
| Current Creditor Account No.: | 005000227958 |
| Amount Owed: | **($1.08)** |
| Interest: | **$1.08** |
| Total Due: | **$0.00** |

34. The June 6, 2019 also stated in part:

> Your overdue account with Henderson Hospital has been placed with this office for collection. **The total balance due on the account is set forth above.** (emphasis added)

35. In addition, the June 6, 2019 letter stated in part:

> Unless you notify this office within thirty (30) day (sic) after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume the debt is valid. **If you notify this office within thirty (30) days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such judgment or verification.** If you request in writing within thirty days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor. (emphasis added)
>
> This communication is from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.
>
> **As of the date of this letter, you owe the total amount listed above**. **Because of the interest that may vary from day to day the amount due on the day you pay may be greater.** Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection.

..

36. The June 6, 2019 letter does not contain the complete notice required by 15 U.S.C. § 1692g(a)(4).

37. The June 6, 2019 letter does not advise Plaintiff and others similarly situated that in order for a dispute to be effective under 15 U.S.C. § 1692g(a)(4), it must be in writing.

38. The June 6, 2019 letter does not advise Plaintiff and others similarly situated that an oral dispute does not preserve any rights under 15 U.S.C. § 1692g(a)(4), including the right to verification.

39. The June 6, 2019 letter causes Plaintiff and others similarly situated to be confused as to the amount owed.

40. The June 6, 2019 letter causes Plaintiff and others similarly situated to be uncertain as to what, if any, balance is owed.

41. The June 6, 2019 letter advises Plaintiff and others similarly situated that interest is continuing to accrue on the obligation.

42. AARGON knew or should have known that its actions violated the FDCPA.

43. Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

44. It is Defendants' policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

   (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

   (b) Making a false representation of the character, amount legal status of the debt;

   (c) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

   (d) Failing to provide the notices required under the FDCPA; and

   (e) Overshadowing and/or contradicting Plaintiff's rights under the FDCPA.

45. Defendants have sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the state of New York within one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

46. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

47. Collection letters and/or notices, such as those sent by Defendants, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

48. Defendant's letters would cause the least sophisticated consumer to be confused about his or her rights.

49. Defendant's letters would cause the least sophisticated consumer to be confused about the amount of the debt.

50. The June 6, 2019 letter fails to properly inform the least sophisticated consumer of the amount of the debt as mandated by 15 U.S.C. § 1692g(a)(1).

51. The June 6, 2019 letter fails to properly inform the least sophisticated consumer of his or her rights as mandated by 15 U.S.C. § 1692g(a)(4).

52. As described herein, Defendants' letter violated various provisions of the FDCPA including but not limited to: 15 U.S.C. § 1692e; § 1692e(2)(A); § 1692e(5); § 1692e(10); § 1692g(a)(1) and § 1692g(a)(4).

53. Defendants violated 15 U.S.C. § 1692e of the FDCPA as described herein in connection with their communications to Plaintiff and others similarly situated.

54. Defendants engaged in false, deceptive, or misleading representations or means in violation of 15 U.S.C. § 1692e and § 1692e(10).

55. Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

56. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

57. Defendants violated 15 U.S.C. § 1692e(10) which prohibits the employment of false and deceptive means of collecting debt.

58. Defendant violated the FDCPA by failing to provide Plaintiff and other similarly situated with the amount of the debt mandated by 15 U.S.C. § 1692g(a)(1).

59. Defendant violated the FDCPA by failing to provide Plaintiff and other similarly situated with the notices mandated by 15 U.S.C. § 1692g(a)(4).

60. Defendants' conduct as described herein constitutes unfair or unconscionable means to collect or attempt to collect any debt.

61. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

62. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

63. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

64. Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

65. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

66. Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

## PRAYER

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and his attorneys as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

(f) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: December 17, 2019                             Respectfully submitted,

By:     *s/ Ben A. Kaplan*
        Ben A. Kaplan, Esq. (BK3594)
        CHULSKY KAPLAN, LLC
        280 Prospect Avenue, 6G
        Hackensack, New Jersey 07601
        Phone (877) 827-3395 ex 102
        Cell Phone: (201) 803-6611
        Fax: (877) 827-3394
        ben@chulskykaplanlaw.com
        Attorneys for Plaintiff